FILED

07 FEB 20 AM 8:33

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG COOK,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>　　　　　Defendant. | Civil No. 06cv909-L(JMA)<br><br>**ORDER GRANTING<br>DEFENDANT'S MOTION TO<br>DISMISS** |

In this federal taxation action, Defendant moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim for which relief could be granted. Plaintiff opposed the motion,[1] and Defendant replied. For the reasons which follow, Defendant's motion is **GRANTED**, and the complaint is **DISMISSED**.

Plaintiff's action is based on a form letter regarding employee income tax withholding he received from the Internal Revenue Service ("IRS"), dated February 2, 2006. (Compl. ¶ 3 & Ex. 1.) The letter was sent to Plaintiff as an employee of Lockheed Martin Corporation to inform him of a determination that he was not "entitled to claim a complete exemption from withholding or more than a specified number of withholding allowances." (Compl. Ex. 1 at 1.)

---

[1] Although it is apparent from Defendant's reply brief that an opposition was served on Defendant, none was filed with the court. In the interest of fairness, the court obtained a copy of the opposition, and considered it in ruling on Defendant's motion. The opposition is attached to this order for completeness of the court's record.

The IRS instructed Plaintiff's employer to "disregard the marital status and/or withholding allowances (or claim of complete exemption) shown on [Plaintiff's] Form W-4 and withhold income tax from [his] wages based on" marital status as single with no withholding allowances, and to disregard Plaintiff's current or any further Form W-4, unless otherwise instructed by the IRS. (*Id*. at 1, 2.) The IRS action resulted in an increase in the amount of federal tax withheld from Plaintiff's wages. (*Id*. at 1.) The letter outlines the procedure to answer any questions about or register a disagreement with the IRS determination, including what information to submit, how and where, complete with address, fax number and telephone number. (*Id*. at 1-3.) Plaintiff does not allege whether he availed himself of the outlined procedure. On April 20, 2006, he filed the instant action, seeking injunctive relief against continued withholding, damages of unlawful collection, and tax refund.

     The authority of the IRS pursuant to 26 U.S.C. § 3402 to require employers to withhold federal income tax from an employee's wages is well established. *See United States v. Am. Friends Serv. Comm.*, 419 U.S. 7 (1974); *Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766 (9th Cir. 1986); *Maxfield v. U.S. Postal Serv.*, 752 F.2d 433 (9th Cir. 1984); *Stonecipher v. Bray*, 653 F.2d 398 (9th Cir. 1981). Plaintiff's challenge to the validity of the regulations promulgated thereunder is unavailing. *See Chandler v. Perini Power Constructors, Inc.*, 520 F. Supp. 1152, 1154 (D.N.H. 1981) ("these regulations were properly enacted within the rulemaking power of the IRS, and accordingly must be sustained as they are not unreasonable and plainly inconsistent with the revenue statutes") (internal quotation marks and citations omitted), cited favorably in *Bright*, 780 F.2d at 770; 752 F.2d at 434. Accordingly, the court rejects Plaintiff's claim that the income tax withholding was unlawful.

     Furthermore, actions such as this "are barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a), which prohibits suits 'for the purpose of restraining the assessment or collection of any tax.'" *Bright*, 780 F.2d at 770, *quoting Maxfield*, 752 F.2d at 434.

     To the extent Plaintiff may be entitled to a tax refund, his claim is premature, since the complaint was filed well before the end of 2006, the applicable tax year. Before a taxpayer may file a refund suit in a district court, he or she must (1) file a return or pay the tax for the

applicable tax year; (2) file an administrative claim for refund; and (3) wait for up to six months for an administrative determination of his or her claim. *See* 26 U.S.C. §§ 6511, 7422, 6532; *Comm'r v. Lundy*, 516 U.S. 235, 240 (1996).

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED**, and the complaint is **DISMISSED**. Plaintiff's cause of action for a tax refund is **DISMISSED WITHOUT PREJUDICE** to filing an administrative claim. All remaining causes of action are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated: 2/16/07

M. JAMES LORENZ
UNITED STATES DISTRICT JUDGE

ATTACHMENT:

Plaintiff's Opposition to Defendant's Motion to Dismiss; Points and Authorities

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

Craig Cook
5519 Clairemont Mesa Blvd #403
San Diego, California 92117
(858) 810-5160

Plaintiff In Pro Per

RECEIVED
CTS: WESTERN REGION
TAX DIVISION
2006 SEP 11 PM 3:34
COPY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Craig Cook,<br><br>   Plaintiff,<br><br>vs.<br><br>United States of America,<br><br>   Defendant. | Case No. 06 CV 0909 L (JMA)<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS; POINTS AND AUTHORITIES<br><br>DATE: September 25, 2006<br>TIME: 10:30 a.m.<br>CTRM: 14<br>**Oral Argument Not Required** |

  Plaintiff hereby responds to and opposes the motion to dismiss. In its motion, the government has failed to address a core issue, namely the *validity of the regulation* (there is no statutory authority) it claims allows the IRS to direct changes to withholding. No court has ever addressed this issue. Also, plaintiff is entitled to pre-levy procedural rights (which the government did not follow) since the action at issue does in fact constitute 'collection action' and a 'levy' under the broad definition of that term as stated in the tax code. The government's motion has also failed to show any valid reason plaintiff could not maintain his claim for refund. These grounds are further set forth in the following memorandum of points and authorities.

## ARGUMENT

**The Anti-Injunction Act Does Not Bar This Action.**

  Although plaintiff cited several statutory waivers of the Anti-Injunction Act in the complaint, and defendant acknowledges these exceptions, it still argues none of them

CASE NO. 06 CV 0909 L (JMA)       1

apply, and the judicial exception does not apply either because plaintiff allegedly has a remedy at law and would suffer no irreparable harm due to the availability of a refund claim. In contradiction to this however, defendant also argues plaintiff cannot pursue a refund claim or damage claim for unauthorized collection. Plaintiff will address each of these issues.

### A. There Is No Bar To Plaintiff's Refund Claim.

At page 7 of its motion, defendant argues that plaintiff cannot maintain an action for refund, claiming full payment of an unknown, undetermined tax liability is required, and a refund claim to the IRS is required. This contention is incorrect on both points. First of all, in <u>Laing v United States</u>, 423 U.S. 161 (1976), the Supreme Court stated the full payment rule only applies where a deficiency is noticed and where a person had access to tax court. <u>Id</u> p. 208-209. Citing the exact same case defendant cites in its motion (<u>Flora v United States</u>, 362 U.S. 145 (1960)), the high court stated where "there is no deficiency and no consequent right of access to the tax court, *there is and can be no requirement of full payment in order to institute a refund suit.*" <u>Laing</u> at 209. Therefore, the 'full payment' rule only applies when a notice of deficiency has been issued and possible access to the Tax court existed.

Here, defendant itself argues that the deficiency notice procedures do not apply to the circumstances of this case, and that no deficiency notice is required. (Motion, pp. 5-6). Consequently, there would have been no access to the Tax Court. Therefore, (assuming defendant's argument to be correct concerning the inapplicability of the deficiency notice procedures and access to Tax Court), there is no 'full payment' requirement. This is not an issue, and no bar to plaintiff's claim.

As to the issue of filing a refund claim with the IRS, plaintiff's complaint alleges that this remedy was exhausted to the extent that could be required of him by law. The

CASE NO. 06 CV 0909 L (JMA)                    2

motion to dismiss does not even attempt to address the issue raised by the allegations.[1] Therefore, this issue does not bar any refund claim. Although defendant also suggests that refund claims must wait until the end of a year, it cites absolutely no authority for this position, and plaintiff has found none.[2] To the contrary, the Supreme Court has held that since 28 U.S.C. §1346(a) uses very broad language, courts have jurisdiction over refund claims for "*any*" amounts that have been "collected" under the internal revenue laws. United States v Williams, 514 U.S. 527, 531-32 (1995). Since neither this, nor any other statute, has any minimum time limit qualification for refund claims, there is no bar to the refund claim here.

**B.    The Unauthorized Collection Claim Is Not Barred.**

Defendant argues the claim for unauthorized collection action must be dismissed for failure to exhaust administrative remedies (via submission of an administrative claim). However, although defendant cites alleged titles of offices within the IRS, and the regulation under §7433, neither of these identifies *any addresses* whatsoever for making any submissions. *There are simply no addresses whatever identified in any regulation under §7433 for making submissions of anything.*

---

[1] ¶9-10 of the complaint allege the defendant has failed to comply with the administrative law requirements (5 U.S.C. §552) for publishing its official locations for 'making submittals' (i.e. administrative refund claims), and defendant has "not given plaintiff any actual notice of any such locations." Defendant's motion does not even attempt to dispute these allegations. Therefore, they must be accepted a true. Under 5 U.S.C. §552(a)(1) [following subparagraph E], plaintiff is not required to resort to submission of any administrative claim since no official locations/addresses have been published in the Federal Register (or Treasury Regulations) and no direct notice has been given to plaintiff for the location(s) for any such claim submissions.

[2] Defense counsel's bald statement that the "withholding taxes at issue herein pertain[s] to the current calendar year" is impermissibly in direct contradiction to the allegation in the complaint that the "continuous levy/wage garnishment [is] for an *unidentified* tax year, *with no expiration period*, and for *no identifiable tax claim*. (Complaint, ¶3; (emphasis added)). This contradiction to allegations in the complaint is impermissible on a motion to dismiss for failure to state a claim.

CASE NO. 06 CV 0909 L (JMA)                              3

This fact simply underscores the allegation in the complaint regarding defendant's violation of the requirement of 5 U.S.C. §552(a)(1)[3] for defendant to publish in the Federal Register its "central and field organization and the established places at which, ... and the methods whereby, the public may ... make submittals...." Defendant has not denied (or even attempted to address) the lack of such publication. Defendant does not, and cannot deny, the lack of identification of any addresses whatever in any regulation regarding §7433 for making any administrative claims.

5 U.S.C. §552(a)(1) is quite explicit that absent publication of the above required elements of federal agencies, "a person may not in any manner be required to resort to, or be adversely affected by, a matter required to be published in the Federal Register and not so published." Due to defendant's failure to publish any addresses whatsoever for any administrative claims under §7433, plaintiff has no obligation (or even ability) to make any submission of any such claim. Therefore, plaintiff exhausted his administrative remedies to any extent required by law, and this claim is not barred.

In addition, there can be no question that defendant's activities constitute 'collection action'. In Baral v United States, 528 U.S. 431, 436 (2000) the Supreme Court plainly recognized that "withholding and estimated tax remittances are not taxes in their own right, but *methods for collecting the income tax.*" (Emphasis added). In Bennett v U.S., 361 F.Supp.2d 510, 513-14 (D. W. Va 2005) the district court squarely held that withholding is 'collection action' for purposes of §7433. Although Bennett's complaint was ultimately dismissed, it is distinguishable from this case for a few reasons.

First, Bennett sought remedies simply not provided for in §7433, such as a refund and injunctive relief. Plaintiff seeks no such relief under §7433 in this case. He seeks only the damage remedy provided in §7433 for the claim made under that statute.

---

[3] Defense counsel apparently ignored §552(a)(1) (administrative publication requirements) by only referring to 552(a)(2) (Freedom of Information Act) at p. 10 of its motion, even though the allegations in the complaint clearly refer to the language of 552(a)(1). The two sections of law are distinct and clear.

CASE NO. 06 CV 0909 L (JMA)                                  4

Second, Bennett never raised the issue of the IRS' failure to publish any addresses for making submission of any administrative claims, or the effect of 5 U.S.C. §552(a)(1) on such a failure. Although this issue was plainly raised in the complaint in this case, the government has not even attempted to address it. Obviously, no member of the public can be required to make submissions of anything to unknown, secret addresses of federal agencies. Moreover, 5 U.S.C. §552(a)(1) specifically prohibits any 'adverse effect' on any member of the public from failure to make any such submission. One such 'adverse effect' would certainly be dismissal of a lawsuit. Therefore, 5 U.S.C. §552(a)(1) would bar dismissal of this suit for failing to make any administrative claim to some unknown (or officially unrecognized) place. Put another way, plaintiff exhausted any administrative remedy to the extent that could be required by law.

Finally, although Bennett made a general argument that the IRS has no statutory authority to direct an employer to change someone's withholding status, he never argued the *invalidity of the applicable regulation*. In contrast, paragraphs 16-17 of the complaint in this case specifically alleges the invalidity of 26 CFR §31.3402(f)(2)-1(g) for failure to comply with the Regulatory Flexibility Act, 5 U.S.C. § 601 *et. seq*. This regulation is the *sole* item that provides any color of authority whatever for the IRS to interfere with any withholding issue. There simply is no statutory authority at all. Once again, defense counsel does not even attempt to address these issues. Moreover, no court has ever done so, as, to plaintiff's knowledge, no one has ever raised the issue. All courts addressing this regulation have just *assumed* its validity. However, its invalidity is being raised here and now. An examination of the history of the regulation shows it to be invalid.

On March 19, 1981, the Secretary of Treasury caused to be published in the Federal Register temporary regulations related to withholding and the submission of certain withholding certificates. (46 FR 17547). Those temporary regulations went into immediate effect and were codified in Code of Federal Regulations at 26 CFR 37.3402-1. Also on March 19, 1981, the Secretary of Treasury caused to be published in the Federal Register a Notice of Proposed Rulemaking, with respect to Withholding Exemption

CASE NO. 06 CV 0909 L (JMA)                 5

Certificates. (46 FR 17566). The Notice of Proposed Rulemaking cross-referenced the Temporary Regulations as the text for the comment document. (*Id.*) In the Regulatory Flexibility Act comment block, the Secretary "concluded that the regulations proposed are interpretive and that the notice and public procedure requirements of 5 U.S.C. 553 do not apply. Accordingly, these proposed regulations are not subject to the Regulatory Flexibility Act (5 U.S.C. § 601 *et. seq.*)." On January 26, 1982, after the comment period had expired, the Secretary of Treasury cause to be published the final regulations. (47 FR 3546). These regulations are now found in 26 CFR § 31.3402(f)(2)-1(g).

At issue is whether the agency's characterization of these regulations as being "interpretive" is correct, and if they are substantive instead of interpretive does the failure to conduct the study under the Regulatory Flexibility Act void the regulations. Interpretive regulations simply state what the administrative agency thinks a statute means and only reminds affected parties of existing duties. If the agency intends to create new law, rights, or duties, the rule is substantive. General Motors Corp. v. Ruckelshaus, 742 F.2d 1561 (D.C. Cir., 1984). Substantive rules are those that create law. Southern California Edison Co. v. Federal Energy Regulatory Com., 770 F.2d 779 (9th Cir., 1985).

Proper consideration of these rules and their purpose clearly reveals that they are substantive and not interpretive. Prior to the implementation of these regulations, it was long held that the Internal Revenue Service had no authority to inject its views as to the validity of a withholding certificate filed with a company and the company could not alter it. Malinkowski v. U.S., 47 F.Supp. 352 (1972). It cannot be more clear that there was a change in the law with the implementation of these new regulations. These regulations fall well within four (4) criteria for determining whether a regulation is substantive or interpretive: (1) complexity and pervasiveness of rules issued; (2) drastic changes effected in existing law by rules; (3) degree of retroactivity and its impact; and, (4) confusion and controversy engendered by practical difficulties of compliance with new rules. Springs Mills, Inc. v. Consumer product Safety Com., 434 F.Supp 416 (DCSC, 1977).

The determination of whether a regulation is interpretive or substantive is a question of law for this Court. <u>Westcott v. United States Dept. Agriculture</u>, 611 F.Supp. 351 (D.Neb., 1984) aff'd 765 F.2d 121 (8th Cir., 1984). In deciding whether the regulation is interpretive or substantive, the particular label placed upon an act of an agency is not conclusive upon the Court. It is the substance of what the agency has done that is decisive and reviewing Courts must often examine the process by which an agency result is achieved rather than the result itself. <u>Columbia Broadcasting System v. United States</u>, 316 US 407, 416 (1942); <u>San Diego Air Sports Center, Inc. v. F.A.A.</u>, 887 F.2d 966, 970 (9th Cir., 1989).

Under the circumstances, the burden will be upon the defendant to prove that the regulations at issue are interpretive. Given the questionable characterization it is doubtful that the defendant can prove that they are interpretive. If they are substantive, then they were subject to 5 U.S.C. § 553 and are in turn subject to the Regulatory Flexibility Act, 5 U.S.C. § 601. Since the Study under the Regulatory Flexibility Act was not performed these regulations would have to be invalidated. Absent the regulation, there is simply no authority whatever for defendant to direct any changes to anyone's withholding status.[4]

Further, the complaint alleges that to "any extent defendant may claim to rely on the above invalid regulation, it is in reckless, intentional, or negligent disregard of revenue code §7805, which generally requires defendant to properly promulgate all regulations, and especially §7805(e) and (f)." (Compl., ¶17). Plaintiff would once again remind the Court that defense counsel has not even attempted to address the invalidity of the regulation, even though it is the sole source of authority cited by him (or any prior

---

[4] The Court should further note the questionable authority for any such regulation to exist at all. It is well established that a regulation cannot add to a statute something that is not in the statute. <u>Commissioner v Acker</u>, 361 U.S. 87, 92 (1959) (addition to tax not allowed by mere regulation); <u>United States v. Calamaro</u>, 354 U.S. 351, 358 (1956) (a regulation cannot add something to a statute which is not in the statute itself). Here, since we are dealing with a regulation that lacks statutory authority (or, at best, attempts to add something to a statute that simply is not there), the regulation would be absolutely void.

CASE NO. 06 CV 0909 L (JMA)                                    7

1  court decision).

2      C.    **Defendant's Acts Constitute A 'Levy'.**

3      26 U.S.C. §6331(b) defines the term 'levy' as follows: "[t]he term 'levy' as used in
4  this title include the power of distraint and seizure *by any means*." (Emphasis added).
5  Congress could not have used a broader term to define the word 'levy'. Under the plain
6  language of the statute, a levy is in place when *any* sort of distraint or seizure power is
7  used to take property (i.e. forced collection). The Supreme Court has deemed the term
8  "any" to be as broad and all-encompassing a word as possible. See United States v
9  Williams, 514 U.S. 527, 531-32 (1995) (use of word "any" in tax refund statute is to be
10 broadly construed). The Ninth Circuit has also given as broad an application as possible
11 to use of the term "any" in statutes. Ivers v United States, 581 F.2d 1362, 1373 (9th Cir
12 1978) (term "any" emphatically construed broadly under forfeiture law). Given the
13 above, the term "any" must be given its normal, all-inclusive meaning.

14     Defendant cites a couple of cases[5] for the proposition (and in direct contradiction
15 of the statutory definition) that no levy exits without a levy notice. Of the published
16 decisions cited, the first is Denham v United States, 811 F.Supp. 497 (C.D. Cal. 1992).
17 However, there "the key issue [was] whether Plaintiff's voluntary payment to the IRS in
18 exchange for a release of liens amounted to a levy." Id at 500-501. Plaintiff certainly
19 agrees that making a payment to resolve a lien issue is not a levy since a lien does not
20 involve 'distraint and seizure'. A lien is merely a recorded security interest, whereas a
21 levy involves the actual taking of property (by force).

22     Defense counsel also cites Retirement Fund Trust v Franchise Tax Board, 909 F.2d
23 1266 (9th Cir 1990) for the claim that the Ninth Circuit has 'rejected the proposition that
24 withholding is a form of levy'. However, this case did not even involve any federal tax

---

[5] One is a mystery quote that ends in a citation of "*Id*. At 946". (Motion, p. 9, l. 8-11), and another is an unpublished case (Life Science Church v IRS) with a "U.S.T.C." cite. These mystery and unpublished decision citations should be disregarded in view of the required statutory construction of the term "any" in §6331(b).

CASE NO. 06 CV 0909 L (JMA)        8

issues whatever, but rather California state tax levy and withholding laws, and their relationship with ERISA. There was no discussion *at all* about any federal levy law, or the language of §6331(b).

Given the above statutory construction principles regarding the term "any", the use of that term in §6331(b), and the lack of any 'exception' language in the statute, the conclusion is unescapable that a 'levy' exists at anytime any force or 'distraint' is used to obtain property. Here, there is simply no question that 'distraint' and force is being used to collect from plaintiff. Therefore, a 'levy' exists.

    D.    **Injunctive Relief Is Authorized Because Defendant Failed To Comply With Pre-Levy Procedures.**

Since defendant's action constitutes a 'levy', it is at least subject to the pre-levy collection requirement of 26 U.S.C. §6330. This would be especially true since the circumstances have resulted in an *endless* (goes on forever without any time limit) collection action. According to defendant itself, a tax period is one year. Therefore, logically, anything pertaining to withholding could also only apply for that one year. However, the uncontradicted allegations in the complaint show defendant's action has resulted in *endless* collection action that goes on forever — year, after year, after year. Since it is an *endless* forced collection action, it cannot be said it is for any ordinary withholding. Instead, it is an endless 'levy'.

§6330 prohibits any forced collection action without first giving notice and affording the opportunity for a hearing. If a hearing is requested, no levy is allowed (and any levy existing would have to be stopped) until the end of the entire process. §6330(e)(1) is a specific exception from 26 U.S.C. §7421 (Anti-Injunction Act) when a hearing has been requested. Paragraph 7 of the Complaint alleges plaintiff's request for the hearing and defendant's denial of it. In view of these matters, the claim for injunctive relief is simply not barred by §7421. The Court has jurisdiction for the relief requested.

//

//

CASE NO. 06 CV 0909 L (JMA)                      9

## CONCLUSION

For the foregoing reasons, the Court should deny defendants' motion to dismiss, and the case should move forward.

DATE: 9/9/2006

Submitted by,

*Craig Cook*
Craig Cook,
Plaintiff

## DECLARATION OF SERVICE

It is hereby certified that the foregoing was served on the following on September 9, 2006 by depositing true and correct copies thereof in the United States mail at San Diego, California, enclosed in a sealed envelope with postage fully prepaid, and addressed as follows:

U.S. DEPARTMENT OF JUSTICE
P.O. BOX 683
WASHINGTON, D.C. 20044-0683

Executed on September 9, 2006 at San Diego, California.

*Craig Cook* (signature)
Craig Cook